CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 2 0 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| KELLY M. AYLOR,<br>  Plaintiff | ) | CASE NO. 3:04CV00078 |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>  Defendant | ) | By: B. Waugh Crigler<br>    U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's November 27, 2001 claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision which denied plaintiff's claim for benefits, but REMANDING the case to the Commissioner for further proceedings at the final two levels of the sequential evaluation.

In a decision eventually adopted as a final decision of the Commissioner, a Law Judge found that plaintiff was insured from January 16, 2000, the alleged date of disability onset, through the date of his decision, and that he had not been engaged in any gainful activity since the alleged disability of onset. (R. 14, 20.) He also found that plaintiff, who was 58 years old at the time of alleged onset and 62 at the time of the decision, and a high school graduate, suffered the effects of a diabetes mellitus with an associated diabetic neuropathy of the upper and lower extremities which

1

the Law Judge found to be severe impairments under the Act. (R. 14, 16, 20.) However, the Law Judge found none of plaintiff's impairments to meet or equal any listed impairment, and finding plaintiff's allegations about the limitations produced by his impairments not to be totally credible, he concluded that plaintiff was able to perform a full range of light work. (R. 17- 20.) Further finding that plaintiff lost his job not as the result of any physical malady but rather because he was terminated for refusing to work on a given day, and that his daily activities revealed an ability to perform his past work, the Law Judge concluded that plaintiff was not disabled from his past work as a wiremill foreman, and thus, was not disabled under the Act. (R. 17-20, 455-457.) The Appeals Council found no basis in the record to grant review, denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 4-6.) This action ensued.

The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). In that connection, the Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *See also Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

A claimant meets the initial burden in the sequential evaluation process where he/she demonstrates the presence of a severe impairment which prevented her from performing her past relevant work. 20 C.F.R. §§ 404.1520 and 416.920; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992). The burden then shifted to the Commissioner to demonstrate that alternate gainful activity

was available to him/her. The Commissioner can discharge her burden at the final sequential level of the evaluation only by the presentation of vocational evidence where there is evidence that the claimant suffered non-exertional limitations on his/her ability to perform work-related functions. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen,* 829 F.2d 514 (4th Cir. 1987). For the testimony of a VE to be relevant, the VE must be permitted to consider all the evidence in the record material to plaintiff's limitations and their effects on his/her work-related capacity. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Otherwise, the Commissioner could not be viewed by a reviewing court as having properly discharged her sequential burden.

The outcome of this case on judicial review depends entirely on whether there was substantial evidence to support the Law Judge's determination that plaintiff was not entirely credible, that he possessed the residual functional capacity for light work, and for his finding that plaintiff's past relevant work fell within the work category plaintiff was determined able to perform. Plaintiff contended before the Appeals Council that the Law Judge erred first in determining that plaintiff possessed the capacity for a full range of light work and, second, that plaintiff's past relevant work was in the light category. Counsel for the plaintiff has pointed out that none of the examining or consulting evidence adduced by the state agency challenged the genuineness of plaintiff medical history of severe diabetes mellitus or its neuropathic effects. Moreover, counsel has offered that, even though a vocational expert (VE) was present at the hearing, the Law Judge did not examine him relating either as to the nature and extent of the work plaintiff had been performing for the preceding 27 years as a wiremill foreman or as to the availability of any other jobs in the economy to a person with plaintiff's maladies and effects. More importantly, plaintiff has contended that the Law Judge prohibited his counsel from examining the VE, even for the

3

Case 3:04-cv-00078-NKM-BWC   Document 8   Filed 07/20/05   Page 3 of 8   Pageid#: 16

purpose of making a record of what the VE would say regarding the nature of plaintiff's particular past work. (R. 461-463.)[1]

Suffice it to say, the basis for the Law Judge's decision to deny counsel's request for vocational evidence concerning plaintiff's past work, as well as his decision on the ultimate merits of the case, is revealed and summarized in his colloquy with plaintiff's counsel at the conclusion of the administrative hearing. (R. 460- 463.) In that exchange, the Law Judge noted the then current state of the decisional authorities in the Fourth Circuit proscribing the use of a VE at the fourth level of the sequential evaluation. (R. 461-462.) More importantly, the Law Judge revealed that because plaintiff did not disclose that he had been fired from his former work and was "still cutting the grass," plaintiff had not been telling the truth and was "making something up today." (R. 461.)

The Law Judge correctly acknowledged that, at the time, the Fourth Circuit Court of Appeals had interpreted the regulations to prohibit the use of a VE solely to address a claimant's past relevant work, further limiting the Commissioner's use of a VE only at the final level of the sequential analysis. *See Hall v. Harris, supra.*; *Walker v. Bowen, supra.* However, the regulations never had been interpreted to prohibit a full and fair development of the evidence relating to the specific job duties of a claimant's past relevant work. Furthermore, the relevance and materiality of why a claimant no longer holds a job, candidly, is lost on the undersigned. If the plaintiff was not performing substantial gainful activity, as is the case here, the only question is whether he could perform his past relevant work given either his physical capacity or mental capacity, or both. 20

---

[1] The Law Judge precluded examination of the VE presumably on the precedent in the Fourth Circuit to the effect that a VE enters a case only at the final sequential level. The hearing was held on June 16, 2003. *See* Social Security Acquiescence Ruling (SSAR) 90-3(4). Effective September 25, 2003, the regulations were amended to permit vocational testimony at the past relevant work level of the sequential evacuation. 20 C.F.R. §404.1560.

C.F.R. §§ 404.1520 and 416.920.

The only evidence introduced into the record relating to the nature of plaintiff's past work was that adduced at the hearing. The plaintiff revealed he had worked for 26 years for the same manufacturing company, running machines, watching pattern furnaces and doing general work on a concrete floor. (R. 433-434.) His work sometimes required him to lift objects occasionally weighing as much as "86-100 pounds" and to manipulate a heavy boom. (R. 434.) In addition, he occasionally lifted pallets and pushed spools of wire rope weighing between 30 and 40 pounds. (R. 434-435.)[2] The plaintiff revealed that he also picked up wrenches weighing no more than 20 pounds and that he operated machinery at least "couple of hours a day." (R. 437.) Later he summarized his position as a "working foreman" having to perform all the exertional requirements of the job to some extent "every night" during his shift. (R. 458-459.)

It is clear that the Law Judge rejected all this unrebutted evidence on the basis that plaintiff could have "been a lot more direct, a lot easier to deal with...." in the area of his past work. (R. 463.) Given the daily activities the Law Judge found plaintiff able to perform, he simply came to the conclusion at the hearing that plaintiff's testimony was "just not credible." (R. 16, 461.)

Some reviewing courts might say that the Law Judge's decision which the Commissioner adopted rested entirely on a determination by the Law Judge of plaintiff's credibility which, for all practical purposes could end the inquiry. However, such a conclusion would miss the fact that the Law Judge's determination of credibility was premised, in large part, on a single factor, namely the

---

[2]Plaintiff checked off "20 pounds" on the application form for the amount required by his employment for lifting. Clearly believing that the plaintiff was understating his capacity, the Law Judge interrupted his testimony with "Not good enough, Mr. Aylor. This is a document that had (sic) 99 percent of the time is prepared in the convenience of your own home and at your own pace and your own leisure." (R. 436.) The unrebutted evidence is that plaintiff regularly performed a wide range of duties that spanned both medium and light exertional work categories.

5

reason plaintiff lost his job. This factor is only remotely linked to the real issue presented at that level of the sequential inquiry, namely whether plaintiff actually suffered a severe impairment which prevented him for performing his past relevant work. It is informative that even the state agency examining physician was of the view that plaintiff suffered very severe diabetes mellitus with secondary peripheral nerve complications which impacted his ability to use his right hand. (R. 120.) The only medical evidence in the record even hinting at the prospect plaintiff could perform light work was a report of a non-examining, non-treating DDS record reviewer, whose reasons for his conclusions are laconic at best and totally deficient at worst. (R. 173-180.)

From a review of the entire record of the case, it can be seen that the only apparent way around an inevitable finding that plaintiff was disabled from his past work, and likely from all work, was to first conclude that his testimony not to be credible. However, no legally significant connection or nexus can be made under the Act and regulations between why plaintiff was terminated and whether plaintiff actually has the ability to perform his past work. Thus, in the undersigned's view, the Law Judge's credibility finding is not supported by substantial evidence to the extent that it was informed by what he believed was an in inadequate explanation of why the plaintiff no longer worked for his long-term employer.

Moreover, the undersigned does not believe that the Law Judge fully and fairly explored the nature of plaintiff's past relevant work, notwithstanding the limitations imposed by the decisional authorities on the use of vocational evidence at the fourth level of the sequential evaluation. Certainly the regulations encouraged the development of evidence relevant to the nature of plaintiff's past work, and it seems to the undersigned that, if the Law Judge was intending to discredit plaintiff's entire testimonial evidence on what the undersigned believes was an impermissible basis, plaintiff then should have been, and now should be given an opportunity to

develop and present evidence which shows the exertional and non-exertional nature of work plaintiff actually was required to perform at the time his employment ended. Even if that were not enough to constitute good cause for remand, the regulatory changes that have taken effect while the case has been pending, which certainly would be applicable on remand, now allow for the very kind of vocational evidence needed to fill out the record concerning plaintiff's past relevant work. The undersigned is of the view that there is good cause to remand the case for further proceedings which would allow for the full and fair development of the evidence relating to the requirements of plaintiff's past relevant work. Should plaintiff prevail on that inquiry, a VE most likely would be required in order for the Commissioner to discharge her burden at the final level of the evaluation because plaintiff's diabetes produces non-exertional limitations on his ability to perform work-related activities.

In the end, the undersigned is of the view that the decision that plaintiff was able to perform his past relevant work is not supported by substantial evidence in the record, as a whole, and should be reversed. However, there is good cause to remand for further proceedings at the fourth and, likely, the fifth level of the sequential inquiry. Accordingly it is RECOMMENDED that an order enter REVERSING the final decision of the Commissioner but REMANDING the case for further proceedings. The order of remand should provide that in the event the Commissioner cannot grant benefits on the current record, she forthwith is to recommit the case to a Law Judge for supplemental evidentiary proceedings in which both sides can introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically

objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

7/20/05
Date